**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                              (State)

Case number (*if known*): _____  Chapter 11

❑ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | AVDC, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | AVDC, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 4 7 – 4 0 9 3 4 0 0 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 18880 Navajo Rd | 4900 E. Dublin Granville Road |
| Number        Street | Number        Street |
| | P.O. Box |
| Apple Valley        CA        92307 | Columbus        OH        43081-7651 |
| City        State        ZIP Code | City        State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Bernardino | |
| County | Number        Street |
| | |
| | City        State        ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.biglots.com |

Debtor   **AVDC, LLC**
_____
Name

Case number *(if known)*_____

---

6.  **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

7.  **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  2  4  9

---

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____  When _____  Case number _____
                                                          MM / DD / YYYY

District _____  When _____  Case number _____
                                                          MM / DD / YYYY

---

| Debtor | AVDC, LLC | | Case number *(if known)* _____ |
|---|---|---|---|
| | Name | | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.

| Debtor | See Schedule 1 attached | Relationship | Affiliate |
|---|---|---|---|
| District | District of Delaware | When | _____ |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

City          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information    [Provided on a Consolidated Basis Among All Related Debtors]**

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☑ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor    **AVDC, LLC**
_____    Case number (*if known*)_____

Name

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9/9/2024
              _____
              MM  / DD / YYYY

✖ /s/ Jonathan Ramsden                              Jonathan Ramsden
_____            _____
Signature of authorized representative of debtor     Printed name

Title   Chief Financial and Administrative Officer
        _____

**18. Signature of attorney**

✖ /s/ Robert J. Dehney                              Date   9/9/2024
_____                    _____
Signature of attorney for debtor                           MM  / DD / YYYY

Robert J. Dehney
_____
Printed name
Morris, Nichols, Arsht & Tunnell LLP
_____
Firm name
1201 North Market Street, 16th Floor
_____
Number        Street
Wilmington                                          DE          19899
_____
City                                                State       ZIP Code

(302) 658-9200                                      rdehney@morrisnichols.com
_____            _____
Contact phone                                       Email address

3578                                                DE
_____            _____
Bar number                                          State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | (Joint Administration to be Requested) |

### SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the District of Delaware under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Big Lots, Inc.

Big Lots, Inc.
Great Basin, LLC
Big Lots Management, LLC
Consolidated Property Holdings, LLC
Broyhill LLC
Big Lots Stores - PNS, LLC
Big Lots Stores, LLC
BLBO Tenant, LLC
Big Lots Stores - CSR, LLC
CSC Distribution LLC
Closeout Distribution, LLC
Durant DC, LLC
AVDC, LLC
GAFDC LLC
PAFDC LLC
WAFDC, LLC
INFDC, LLC
Big Lots eCommerce LLC
Big Lots F&S, LLC

<table>
<tr><td colspan="3"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td colspan="2">AVDC, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of</td><td>Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td colspan="2"></td></tr>
</table>

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ASHLEY FURNITURE PO BOX 190 ARCADIA WI 54612-0190 US | TODD WANEK - CEO 608-886-7773 TWANEK@ASHLEYFURNITURE.COM | Trade Debt | | | | $12,281,796 |
| 2 | SERTA INC 2600 FORBS AVE HOFFMAN ESTATES IL 60192-3723 US | MARK GENENDER - CHAIRMAN 310-909-6878 MGENENDER@SERTASIMMONS.COM | Trade Debt | | | | $5,956,768 |
| 3 | BIG AVCA OWNER LLC 30 NORTH LASALLE, SUITE 4140 CHICAGO IL 60602 US | C/O BLUE OWL REAL ESTATE CAPITAL LLC - DREW WIDES 773-389-6523 DREW.WIDES@BLUEOWL.COM | Real Property Lease | | | | $4,329,538 |
| 4 | SEALY INC PO BOX 931855 ATLANTA GA 31193-1855 US | STEVE RUSING - PRESIDENT 646-295-5043 STEVE.RUSING@TEMPURSEALY.COM | Trade Debt | | | | $4,240,250 |
| 5 | EVERSTAR MERCHANDISE CO UNIT 12 13 11F HATBOUR CNTR TWR1 KOWLOON CN | ANDY PAN 86-755-616825 PAN4190@HOTMAIL.COM | Trade Debt | | | | $3,786,843 |
| 6 | FUSION FURNITURE INC. PO BOX 734183 DALLAS TX 75373-4183 US | MARK WEBER - CEO 662-509-5578 MWEBER@SOUTHERNMOTION.COM | Trade Debt | | | | $3,262,323 |
| 7 | ELITE COMFORT SOLUTIONS CONOVER NC 28613 US | TIM LANDERS - VP SALES 803-370-3102 TIM.LANDERS@ELITECOMFORTSOLUTIONS.COM | Trade Debt | | | | $2,637,484 |
| 8 | ZEST GARDEN LIMITED 10F NO 143 SHIH SHANG RD SHIHLIN TAIPEI TW | NINA TRUONG - PRESIDENT 909-438-7937 NINA@CONCORDCITYA.COM | Trade Debt | | | | $2,254,976 |
| 9 | FXI INC PO BOX 747067 ATLANTA GA 30374-7067 US | HAROLD EARLY CEO/ KEVIN BLOSSOM GM KEVIN 704-775-2925  HAROLD 215-498-4316 KBLOSSOM@FXI.COM, HEARLEY@FXI.COM | Trade Debt | | | | $2,233,611 |
| 10 | PAN ASIAN CREATIONS LIMITED 5F-6 NO 294 SEC 1 DUNHUA S RD DA-AN DIST TAIPEI TW | STEPHEN LEE 86-755-27977-1666 | Trade Debt | | | | $2,183,746 |
| 11 | POLYGROUP EVERGREEN LIMITED UNIT 606, FAIRMONT HOUSE HONG KONG CN | RICKY TONG 86-769-8391-5520 RICKY.TONG@POLYGROUP.COM | Trade Debt | | | | $2,157,316 |
| 12 | ROUND TRIPPING LTD 14/F Shui Centre 6-8 Harbour Rd. Wanshai HK | SHERYL TING 852-2972-8729 SHERYL@FIRSTE.COM.HK | Trade Debt | | | | $2,146,393 |
| 13 | KEECO, LLC/22155 PO BOX 809207 CHICAGO IL 60680 US | STEVE HENDERSON CMO PRESIDENT 775-843-9259 SHENDERSON@IKEECO.COM | Trade Debt | | | | $2,119,776 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>AVDC, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of <u>Delaware</u><br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 PPJ LLC<br>2 CARSHA DRIVE<br>NATICK<br>MA<br>01760-4658<br>US | PHIL MCCARTY - CEO<br>617-930-8733<br>PHIL.MCCARTY@CUSTOMATICBEDS.COM | Trade Debt | | | | $2,027,334 |
| 15 AMERIWOOD INDUSTRIES<br>410 E FIRST ST. SOUTH<br>WRIGHT CITY<br>MO<br>63390<br>US | NORMAN BRAUNSTEIN - CEO<br>514-934-3034<br>NORMAN.BRAUNSTEIN@DOREL.COM | Trade Debt | | | | $1,936,980 |
| 16 SINGSONG INTERNATIONAL TRADE CO LIM<br>ROOM 1405A 14/F LUCKY CENTRE<br>CN | SUNNY ZHANG<br>86-21-5813-4099<br>SUNNY@SINGSONG.COM.CN | Trade Debt | | | | $1,870,485 |
| 17 ALL COURTESY INT'L LTD<br>FLAT/RM E9F HOLLYWOOD CENTRE<br>TST KOWLONG HK<br>999077<br>CN | JLIE ZHU<br>86-755-8325-3709<br>JULIE@CENTRESKY.COM.CN | Trade Debt | | | | $1,782,876 |
| 18 GIFTREE CRAFTS CO LTD<br>NO 50 FAGANG DEVELOPMENT<br>SHENZHEN GUANGDONG<br>CN | JOE PENG<br>86-755-6113-2862<br>JOEPENG@GIFTREE.NET | Trade Debt | | | | $1,737,473 |
| 19 CARLINGTON INDUSTRIES LIMITED<br>ROOM 1114 SINCERE HOUSE 83 ARGYLE<br>HONG KONG<br>HK | BILLY YU - PRINCIPLE<br>86-15920245665<br>BILLY@CARLINGTON.COM.TW | Trade Debt | | | | $1,670,896 |
| 20 NINGBO ELECTRICAL APPLIANCE CO., LT<br>NO 758 KAIFA EAST ZHOUXIANG<br>CIXI NINGBO<br>CN | John Link<br>224-246-8072<br>john.link@gdhwd.com | Trade Debt | | | | $1,611,329 |
| 21 3M COMPANY<br>PO BOX 371227<br>PITTSBURGH<br>PA<br>15250-7227<br>US | COLBY RING<br>6517331935<br>CRING@MMM.COM | Trade Debt | | | | $1,586,000 |
| 22 MILLENNIUM GIFTS LTD<br>HONGFAN BUILDING JIANGNAN<br>QUANZHOU FUJIAN<br>CN | PETER CHUANG VP SALES<br>86-595-2467-1815<br>PETER@HONGFANGIFTS.COM | Trade Debt | | | | $1,475,143 |
| 23 ZHEJIANG HENGTAI CRAFTS<br>HEHUA RD BAIHUASHAN INDUSTRIAL ARE<br>YIWU ZHEJIANG<br>CN | CAIN WANG<br>86-134-2907-5766<br>CAIN@CHRISTMASCN.COM | Trade Debt | | | | $1,388,347 |
| 24 BUILDING AIR SERVICES HVAC LLC<br>10460 68TH ST NORTH<br>PINELLAS PARK<br>FL<br>33782-2360 | STEVE BOOSE<br>727-412-2114<br>SBOOSE@COOLSYS.COM | Trade Debt | | | | $1,328,798 |
| 25 BOSTON WAREHOUSE CORP<br>59 DAVIS AVE<br>NORWOOD<br>MA<br>02062-3031<br>US | ALAN KANTER<br>401-523-7695<br>ALAN.KANTER@BWTC.COM | Trade Debt | | | | $1,304,295 |
| 26 DELL FINANCIAL SERVICES LLC<br>PO BOX 5292<br>CAROL STREAM<br>IL<br>60197-6547<br>US | MARK HOECK<br>513-550-3555<br>MARK.HOECK@DELL.COM | Trade Debt | | | | $1,279,002 |
| 27 HONGKONG GMS INTL CO LTD<br>8TH FLR TIANXIN BLDG<br>NANTONG JIANGSU<br>CN | CARL GUO OWNER<br>0086-513-8118231<br>CARL@FUTINGTEXTILES.COM | Trade Debt | | | | $1,233,484 |

| Fill in this information to identify the case: |
|---|
| Debtor name __AVDC, LLC__ |
| United States Bankruptcy Court for the: _____ District of __Delaware__ |
| | (State) |
| Case number (If known): _____ |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  TWIN STAR INTERNATIONAL 1690 S CONGRESS AVE STE 210 DELRAY BEACH FL 33445-6330 US | HEATHER BROWN 561-252-5700 HBROWN@TWINSTARHOME.COM | Trade Debt | | | | $1,231,380 |
| 29  TOPMOST DESIGN CO LTD 3FL-19, NO.3 TIEN MOU RD TAIPEI TW | LINDBERGH LIN 886-2-2874-1966 LINDBERGH@ELUCEO.COM.TW | Trade Debt | | | | $1,198,255 |
| 30  ESI CASES AND ACCESSORIES INC 44 E 32ND ST  6TH FLOOR NEW YORK NY 10016-5508 US | MARIA TORRES 212-883-8838-124 JET@ESICELLULAR.COM | Trade Debt | | | | $1,117,850 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | (Joint Administration to be Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Big Lots, Inc., is owned in its entirety by its direct parent.

2. Big Lots, Inc. is the ultimate parent of each of the Debtors, and its equity securities are publicly held as follows (as of May 4, 2024):

| Amount Authorized | Amount Issued | Amount Outstanding |
|---|---|---|
| 298,000,000 | 117,495,000 | 29,515,000 |

3. There are no entities that own 10% or more of the issued and outstanding common stock of Big Lots, Inc.

---

[1] The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## Exhibit A

**Corporate Structure Chart**



Big Lots, Inc.
(Ohio)
Ownership is 100% unless otherwise indicated
All entities are chapter 11 Debtors
Operating Company
Holding Company
Borrower and Guarantor – ABL
Borrower – Term Loan
Guarantor – Term Loan
Consolidated Property Holdings, LLC
(Ohio LLC; PPOB: Nevada)
Broyhill LLC
(Ohio)
Big Lots Management, LLC FKA BLHQ LLC
(Ohio)
Big Lots Stores - PNS, LLC
(California)
Big Lots Stores, LLC
(Ohio)
BLBO Tenant, LLC
(Ohio)
Big Lots Stores - CSR, LLC
(Ohio)
CSC Distribution LLC
(Alabama)
Closeout Distribution, LLC
(Pennsylvania)
Durant DC, LLC
(Ohio)
AVDC, LLC
(Ohio)
GAFDC LLC
(Ohio)
PAFDC LLC
(Ohio)
WAFDC, LLC
(Ohio)
INFDC, LLC
(Ohio)
Great Basin, LLC
(Delaware)
Big Lots eCommerce LLC
(Ohio)
Big Lots F&S, LLC
(Ohio)

**Omnibus Action by Unanimous Written Consent of the Governing Bodies**

**September 8, 2024**

Each of the undersigned, being the sole members or other governing bodies (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of the entities listed on Exhibit A hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby authorize, take, approve, and consent to the following actions, and adopt the following resolutions by written consent in accordance with the applicable certificate of incorporation, bylaws, operating agreement, or limited liability company agreement of each Entity and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity and all of the Entities as a whole, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

WHEREAS, the Governing Bodies have been briefed on the proposed voluntary bankruptcy petition to be filed by each Entity, and have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Governing Bodies have determined that it is desirable and in the best interests of the Entities and their stakeholders to commence Chapter 11 Cases (as defined below);

WHEREAS, the management and the legal and financial advisors have presented the Governing Bodies with the material terms of a proposed financing and the material terms of an agreement among Prepetition Secured Parties (as defined below) for the consensual use of cash collateral, which is intended to, among other things, fund the Entities' operations and restructuring related fees and expenses during the Chapter 11 Cases;

WHEREAS, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below; and

WHEREAS, the Governing Bodies (i) have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Entities and their stakeholders and, therefore, have (ii) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

**NOW, THEREFORE, BE IT:**

**I.    Commencement of Chapter 11 Cases**

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer, director, or manager of each Entity (each, an "**Authorized Person**"), is authorized, empowered, and directed to (a) execute , file and verify in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for Delaware (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent, and accomplish the purposes, of the resolutions adopted herein; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity, to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

**II.    Retention of Advisors**

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Morris, Nichols, Arsht & Tunnell LLP, located at 1201 North Market Street, 16th Floor, Wilmington, DE 19801, as Delaware counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain AlixPartners, LLP,

located at 909 Third Avenue, New York, NY 10022, as financial advisor for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Guggenheim Securities, LLC, located at 330 Madison Avenue, New York, NY 10017, as investment banker for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Gordon Brothers Retail Partners, LLC, located at 800 Boylston Street, 27th Floor, Boston, MA 02199, as retail consultants for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Kroll Inc., as claims, noticing, solicitation, and administrative agent for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain any other legal counsel, accountants, financial advisor, restructuring advisor, or other professionals as the Authorized Person deems necessary, appropriate, or advisable, to represent and assist such Entity in carrying out its respective duties and responsibilities and exercising its respective rights under the Bankruptcy Code.

## III.    DIP Credit Agreements and Use of Cash Collateral

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) enter into (i) that certain Senior Secured Superpriority Debtor-In-Possession Term Loan Agreement, dated as of the Closing Date (as defined therein) with 1903P Loan Agent, LLC, as the administrative agent (the "**DIP Term Agent**"), and the lenders from time to time party thereto (collectively, the "**DIP Term Loan Lenders**"), which will, among other things, provide for a committed term loan facility to the Borrowers (as defined in the DIP Term Loan Agreement (as defined below) of up to $150,000,000 (together with all exhibits, schedules, and annexes thereto, as altered, amended, supplemented, or otherwise modified from time to time, the "**DIP Term Loan Agreement**"), (ii) that certain Senior Secured Superpriority Debtor-In-Possession Asset-Based Revolving Credit Agreement, dated as of the Closing Date (as defined therein) with PNC Bank, National Association, as the administrative agent ("the "**DIP ABL Agent**" and together with the DIP Term Agent, the "**DIP Agents**"), and the lenders from time to time party thereto (collectively, the "**DIP ABL Lenders**" and together with the DIP Term Loan Lenders, the "**DIP Lenders**"), which will, among other things, provide for a committed asset-based revolving facility to the Borrowers (as defined in the DIP ABL Credit Agreement (as defined below) of up to $550,000,000 (together with all exhibits, schedules, and annexes thereto, as altered, amended, supplemented, or otherwise modified from time to time, the "**DIP ABL Credit Agreement**" and, together with the DIP Term Loan Agreement, the "**DIP Credit Agreements**"), and (iii) any other documentation relating to the DIP

Credit Agreements (including, without limitation, pledge agreements, guarantee agreements, security agreements, intercreditor agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements, swap agreements, collateral access agreements, acknowledgment letters, payoff letters, fee letters, termination agreements, intellectual property release agreements, control agreement terminations, and other documents under which a security interest in the assets of each Entity is being created and granted to (x) the DIP ABL Agent on behalf of the DIP ABL Lenders and (y) the DIP Term Agent on behalf of the DIP Term Lenders, including any amendments thereto), and each other agreement, document, or instrument required thereunder, including any amendments thereto, collectively and together with the DIP Credit Agreements in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof) (collectively, the "**DIP Documents**"), (b) perform the applicable Entity's obligations under the DIP Documents, including payment of the fees and expenses related thereto, and take all actions in accordance therewith that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby, and (c) obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code, the "**Cash Collateral**"), which is security for the Entities' prepetition secured lenders under certain credit facilities by and among the Entities and the lenders party thereto (the "**Prepetition Secured Parties**");

RESOLVED, FURTHER, that each Entity is hereby authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, together with the Entities' advisors, to (a) seek interim and final approval of the DIP Documents and the use of Cash Collateral from the Bankruptcy Court pursuant to an order of the Bankruptcy Court substantially on the terms presented to the Governing Bodies (the "**DIP Order**") and (b) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guarantying the obligations of the DIP loan parties under the DIP Documents, (iii) providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, (iv) granting superpriority status, first priority priming liens, junior liens, adequate protection liens, and perfected security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the DIP loan parties under the DIP Documents, on terms disclosed to the board with such changes therein and additions thereto as any Authorized Person executing the same may, in their absolute discretion, deem necessary or appropriate, the execution of the DIP Documents to be conclusive evidence of the approval thereof, (v) executing and delivering any additional or further agreements, instruments, or documents for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Entities to grant adequate protection and security interests to the Prepetition Secured Parties, on terms disclosed to the board with such changes therein and additions thereto as any Authorized Person executing the same may in their absolute discretion deem necessary or appropriate, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, and (vi) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, to (a) negotiate and agree to any changes to the DIP Order and DIP Documents as they believe is appropriate and necessary under the circumstances in their reasonable judgment, (b) execute and deliver any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreements (including amendments increasing the amount of credit available under the DIP Credit Agreements and/or extending the maturity of the same) and the DIP Documents, (c) cause the Entities to enter into, execute, deliver, certify, file, verify and/or record, and perform under the DIP Documents and such other documents, agreements, instruments, and certificates as may be required by the DIP Order or the DIP Documents, (d) consummate the transactions contemplated by the DIP Documents, and (e) do such other things that shall, in their absolute discretion, be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## IV. Potential Sale Transaction

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) enter into that certain stalking horse Asset Purchase Agreement (the "**Stalking Horse APA**"), by and among the Entities and Gateway BL Acquisition, LLC (the "**Stalking Horse Bidder**"), for the sale of all, substantially all, or a material portion of the Entities' assets, pursuant to section 363 of the Bankruptcy Code (the "**Potential Sale Transaction**"), and any other documentation relating to the Stalking Horse APA and each other agreement, document, certificate, or instrument required thereunder, collectively and together with the Stalking Horse APA in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof) (collectively, the "**Sale Documents**"), subject to such modifications thereto as an Authorized Person deems necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transaction as presented to the Governing Bodies, and (b) perform the applicable Entity's obligations under the Sale Documents and take all actions in accordance therewith, in each case subject to the Bankruptcy Court's approval as required, that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby;

RESOLVED, FURTHER, that each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, to file a motion with the Bankruptcy Court seeking approval of (a) bidding procedures to facilitate the Potential Sale Transaction and the Entities' ability to attain the highest or otherwise best offer for their assets, (b) the Stalking Horse Bidder as a stalking horse purchaser, (c) the payment of bid protections (*i.e.*, break-up fee and expense reimbursement) to the Stalking Horse Bidder, and (d) a Potential Sale Transaction that the applicable Entities, after due consultation with the management and the legal and financial advisors of such Entities, determine constitutes the highest or otherwise best offer for such Entities' assets;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to conduct a further marketing process to identify Potential Sale Transactions with the assistance of the Entities'

investment banker and other professional advisors and under the supervision of the Bankruptcy Court; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to take actions and negotiate and, subject to Bankruptcy Court approval as required, to execute, deliver, perform, and cause the performance of any Sale Document in furtherance of, and necessary to effectuate, a Potential Sale Transaction to which any Entity is or may become party .

## V.    Amendment to Governing Documents

RESOLVED, that, to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

## VI.    General Authorization and Ratification

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the applicable Entities' obligations under the Bankruptcy Code and exercise all rights of the applicable Entities under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Governing Bodies, and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body

(collectively, a "**Controlling Entity**"), in each case, of any direct or indirect subsidiary of any Entity (a "**Controlled Entity**"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Person is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to any Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of such Entity in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the undersigned, in its capacity as the sole member of each Big Lots Management, LLC and Consolidated Property Holdings, LLC, has caused this Secretary's Certificate to be executed as of the date first set forth above.

Big Lots, Inc., as the sole member of each
Big Lots Management, LLC and
Consolidated Property Holdings, LLC

By: _____
    Name:    Ronald A. Robins Jr.
    Title:    Authorized Person

=98998675\1

IN WITNESS WHEREOF, the undersigned, in its capacity as the sole member of Broyhill LLC, has caused this Secretary's Certificate to be executed as of the date first set forth above.

Consolidated Property Holdings, LLC, as
the sole member of Broyhill LLC

By: _____

    Name:   Ronald A. Robins Jr.
    Title:    Authorized Person

IN WITNESS WHEREOF, the undersigned, in its capacity as the sole member of each Big Lots Stores - PNS, LLC, Big Lots Stores, LLC, and BLBO Tenant, LLC, has caused this Secretary's Certificate to be executed as of the date first set forth above.

Big Lots Management, LLC, as the sole member of each
Big Lots Stores - PNS, LLC, Big Lots Stores, LLC, and
BLBO Tenant, LLC

By:   _____

    Name:    Ronald A. Robins Jr.
    Title:     Authorized Person

IN WITNESS WHEREOF, the undersigned, in its capacity as the sole member of each Entity listed on **Exhibit B** hereto, has caused this Secretary's Certificate to be executed as of the date first set forth above.

Big Lots Stores, LLC, as the sole member of each
Entity listed on **Exhibit B** hereto

By:  _____

Name:    Ronald A. Robins Jr.
Title:    Authorized Person

**Exhibit A**

**List of Entities**

1. Great Basin, LLC
2. Big Lots Management, LLC
3. Consolidated Property Holdings, LLC
4. Broyhill LLC
5. Big Lots Stores - PNS, LLC
6. Big Lots Stores, LLC
7. BLBO Tenant, LLC
8. Big Lots Stores - CSR, LLC
9. CSC Distribution LLC
10. Closeout Distribution, LLC
11. Durant DC, LLC
12. AVDC, LLC
13. GAFDC LLC
14. PAFDC LLC
15. WAFDC, LLC
16. INFDC, LLC
17. Big Lots eCommerce LLC
18. Big Lots F&S, LLC

**Exhibit B**

**List of Entities for which Big Lots Stores, LLC Serves as the Sole Member**

1.  Great Basin, LLC
2.  Big Lots Stores - CSR, LLC
3.  CSC Distribution LLC
4.  Closeout Distribution, LLC
5.  Durant DC, LL
6.  AVDC, LLC
7.  GAFDC LLC
8.  PAFDC LLC
9.  WAFDC, LLC
10. INFDC, LLC
11. Big Lots eCommerce LLC
12. Big Lots F&S, LLC

=98998675v1

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __AVDC, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                      (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration __Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __9/8/2024__          ✖ /s/ Jonathan Ramsden
               MM / DD / YYYY            Signature of individual signing on behalf of debtor


                                         Jonathan Ramsden
                                         Printed name

                                         Chief Financial and Administrative Officer
                                         Position or relationship to debtor